IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40587
Summary Calendar
_____


CLARENCE G. WILKINS, JR.,

                                        Plaintiff-Appellant,


versus

WAYNE SCOTT, Director, Texas
Department of Criminal Justice,
Institutional Division; JAMES A.
LYNAUGH,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court for the
Southern District of Texas
(V-94-CV-63)
_____

November 4, 1996

Before HIGGINBOTHAM, WIENER, AND BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Clarence G. Wilkins, Jr., No. 664542, a Texas state prisoner,

appeals the district court's dismissal as frivolous, pursuant to 28

U.S.C. § 1915(e)(2)(B)(i), of his 42 U.S.C. § 1983 action.

     Wilkins has abandoned his claim of racial discrimination and

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

his claim that he was denied due process because he was not allowed to meet with counsel prior to his disciplinary hearing because he has not argued them on appeal. *See Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Wilkins' claims of retaliatory transfer and mail tampering, raised for the first time on appeal, are reviewed for plain error. *See Highlands Ins. Co. v. National Union Fire Ins. Co.*, 27 F.3d 1027, 1031-32 (5th Cir. 1994) (applying, in civil case, plain error analysis of *United States v. Olano*, 113 S. Ct. 1770 (1993)), *cert. denied*, 115 S. Ct. 903 (1995). Wilkins' allegations do not rise to the level of the obvious error required to meet the standard for plain error. *See Robertson v. Plano*, 70 F.3d 21, 23 (5th Cir. 1995).

Wilkins' claim of denial of due process due to a false charge filed against him does not state a deprivation of due process. He has not alleged a retaliatory interference with an exercise of a constitutional right, and he has not shown a favorable termination. *See Woods v. Smith*, 60 F.3d 1161, 1165 n.16 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 800 (1996). Likewise, his allegations of denial of due process by not being allowed to call witnesses at his disciplinary hearing do not state a violation of due process as they do not reliably demonstrate that he was not allowed to exercise his right to call witnesses. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

2

AFFIRMED.